**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAREEM LAMAR BROWN, | No. 09-16310 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-01764-OWW-SMS |
| v. | |
| J. KAVANAUGH, Lt.; M. GARCIA, Officer, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Submitted August 10, 2010[**]

Before:     HAWKINS, McKEOWN, and IKUTA, Circuit Judges.

Kareem Lamar Brown, a California state prisoner, appeals pro se from the

district court's judgment dismissing under the screening provisions of 28 U.S.C.

§ 1915(e) his 42 U.S.C. § 1983 action alleging retaliation for filing inmate appeals

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and related claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm in part, reverse in part, and remand.

The district court erred in dismissing the retaliation claim because Brown identified retaliatory acts that affected only the conditions of his confinement, *see Ramirez v. Galaza*, 334 F.3d 850, 856 & n.5 (9th Cir. 2003) (explaining that a § 1983 action is the proper remedy for a state prisoner's challenge to the conditions of his confinement), as well as complaining about the revocation of his good-time and work-time credits, which cannot be the basis of a § 1983 claim. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (barring a § 1983 claim that would, if successful, "necessarily imply the invalidity of the deprivation of [a prisoner's] good-time credits"). Therefore we reverse the dismissal of the retaliation claim, and remand for further proceedings consistent with this disposition.

We affirm the district court's dismissal of all claims other than retaliation. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived.").

Brown shall bear his own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**